FIRST NATIONAL BANK OF SPRINGFIELD, OHIO, v. SKEEN, *Appellant.*

1. Negotiable Instruments: DATE OF PAYMENT. A note payable " on or before " a certain date is not for that reason non-negotiable.

2. ———— : TRANSFER : PRACTICE. Where the execution and transfer of a note are admitted by the pleadings, its production in evidence tends to prove that it was acquired for value before maturity

101   683
75a   171

101   683
160    16

101   683
87a    45

101   683
89a   353

101   683
93a  ¹133
93a  ¹134

3.    ——— : ——— : ———.   In such case, where defendant's evidence shows plaintiff to be a *bona fide* purchaser before maturity, his subsequent offer to prove failure of consideration should be rejected as irrelevant and a verdict for plaintiff directed.

*Appeal from Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

THIS is an action upon a promissory note of the following tenor :

"$417.00.               HOLDEN, Mo., July 7, 1884.

" For value received, on or before the first day of September, 1885, the undersigned promise to pay to the order of the Springfield Engine and Thresher Company four hundred and seventeen dollars, payable at 'Farmers' and Commercial Bank, Holden, Missouri, with interest at eight per cent. from date until due, and ten per cent. after due.               J. T. FANCHER,

                              " W. A. SKEEN.  ·

"Postoffice address, Holden, Missouri, ·county of Johnson.

" Residence, four miles northwest of postoffice."

The petition is in usual form averring that plaintiff was a purchaser for value before maturity by indorsement from the payee.

The answer admitted the execution of the paper and its transfer to plaintiff, but asserted that the latter took place after maturity and further that there was a total failure in the consideration, of which plaintiff had notice.

The new matter in the answer was put in issue by a reply.

At the trial plaintiff read in evidence ( without objection ) the note with the indorsement to itself by the payee, and then rested.

Defendant then introduced the deposition of Cyrus A. Phelps, cashier of the plaintiff, who testified that as

such cashier he purchased the note in question for plaintiff for value, before maturity, without knowledge of any failure of consideration, or any of the matters set up in the answer, and without any knowledge that the Springfield Engine and Thresher Company warranted or guaranteed machinery sold by them, and took the paper with others in the ordinary course of business.    Phelps also testified that at that time he was vice-president and one of the directors of the Springfield Engine and Thresher Company, but took no active part in the management of the business of said company, and knew nothing of the details; did not know what this note was given for; supposed it was given for machinery; did not know that the company gave warranties with its machinery.   Defendant also introduced in evidence the deposition of Jos. B. Cartmell, secretary of the Springfield Engine and Thresher Company, who testified that he sold the note to plaintiff, and corroborated the testimony of Phelps.

Thereupon, defendant announced that he had no other or further evidence tending to prove that plaintiff received or had any notice, at or prior to the time it purchased said note, of the existence of a warranty, or contract, or failure of consideration.

Defendant then offered evidence tending to prove a failure of consideration of the note, and that the Springfield Engine and Thresher Company, the payee, had notice thereof before the transfer of the note, but the court rejected the offer, and defendant duly excepted. The case was then closed, and the court instructed the jury to find the issues for plaintiff.

The jury returned a verdict for plaintiff, on which judgment was rendered, and defendant in due course appealed to the Kansas City court of appeals, where the case was duly heard and judgment affirmed, as reported in 29 Mo. App. 115; but the court being divided in opinion certified it here, in pursuance of the constitutional requirement on that subject.

*J. P. Orr* and *Samuel P. Sparks* for appellant.

(1) The court erred in taking the case from the jury; a demurrer to the evidence admits every reasonable inference which a jury might make from the facts adduced. *The People v. Roe*, 1 Hill (N. Y.) 471; *Fowler v. Com. Council*, 11 Wheat. 320; *Dickey v. Schrader*, 3 Serg. & Rawle, 413, 416; *Williamson v. Fischer*, 50 Mo. 198; *Brown v. Kimmel*, 67 Mo. 430; *Keely v. Railroad*, 70 Mo. 604; *Bank v. Smith*, 11 Wheat. 171; *Thornton v. Bank*, 3 Pet. 36; *Baum v. Fryrear*, 85 Mo. 151; *Moody v. Deutsch*, 85 Mo. 238; *Sage v. Reeves*, 17 Mo. App. 57. The granting of such an instruction is held to be erroneous when there is a scintilla of testimony. *Alexander v. Harrison*, 38 Mo. 266; *Routsong v. Railroad*, 45 Mo. 236; *Hays v. Bell*, 16 Mo. 496; *Emerson v. Sturgeon*, 18 Mo. 170; *Rippey v. Friede*, 26 Mo. 523; *Bowen v. Lazarle*, 44 Mo. 383; *McFarland v. Bellows*, 49 Mo. 311; Tiedeman on Com. Paper, sec. 303. (2) A promissory note made payable on or before a day named is non-negotiable. *Chouteau v. Allen*, 70 Mo. 290; Randolph on Com. Paper, sec. 110. (3) By the rejection of the offer of testimony by defendant that there had been a complete failure of the warranty, the court thereby excluded all evidence tending to support the allegations of fraud and deceit in the inception of the paper practiced by the indorser in delivering a machine of a different manufacture then that contracted for. Had such testimony been admitted it would have shifted the burden to plaintiff of showing that it was an innocent purchaser *bona fide* for value before maturity and without notice. 1 Greenleaf's Ev. [Ed. 1866] sec. 74.

*J. W. Suddath* and *O. L. Houts* for respondent.

(1) There is no conflict between the opinion in the court of appeals in this case and the case of *Chouteau*

*v. Allen,* 70 Mo. 290.   See opinion of PHILIPS, presiding judge, in case, *supra;* also brief of respondent in said cause.

BARCLAY, J.—The trial court ruled that the note in controversy was negotiable.   This is a vital question in the case and will be first considered.

The objection to its negotiability rests on the use of the words, "on or before the first day of September, 1885," in connection with the promise to pay.   It is claimed that such language makes the time of payment uncertain and hence destroys its negotiable character.

The law governing such paper is the outgrowth of the usages of commerce.   In determining disputed questions in its application it is often useful to recur to the objects and purposes of the law and to observe how far they may be promoted or defeated by the acceptance of any proposed construction of it.   The reason of any law is its life, and a correct conception of its reason is oftentimes essential to a proper understanding of the meaning and tendency of the law itself.

The general statement is frequently met that bills and notes to be negotiable must, among other things, be payable at a time certain.   This is assuredly so, and it is not difficult to discern the reason upon which that rule stands.

Commercial paper, in its inception, was a device adopted by merchants and bankers for the ready transfer of credits between distant points.   The earliest form of it yet in use was the bill of exchange whose negotiability, according to the custom of merchants, received recognition in the common-law courts, at first reluctantly, but, afterwards, most willingly when its utility in the business world came to be better understood. Promissory notes of certain form were then given by statute in England ( 3 and 4 Anne, ch. 9 ), as they now have with us, the same effect and negotiability as inland bills of exchange.   R. S. 1889, sec. 733.

The leading purpose of such bills was, as their name imports, to facilitate exchanges. They were intended, primarily, as substitutes for money in the transaction of commerce, and, therefore, by the general understanding and usage of those employing them, were closely assimilated to that commodity. Their form, however, permitted the retention of title in the owner in such manner as to avoid some risks of loss incident to the exchange of money itself. These characteristics made such paper extremely useful and popular in commercial dealings, and naturally led the mercantile world to insist on the recognition of its negotiability, which is its most essential attribute. Hence was evolved the legal rule peculiarly favoring innocent purchasers for value before maturity, as well as that requiring certainty in the time of payment, which were already recognized mandates of the customary law of merchants.

Having in view the reasons on which these rules are founded, it would seem obvious that a certainty of ultimate payment should not be considered impaired by the intervention of an option, in favor of the maker, to discharge his obligation at an earlier time. The paper still retains a fixed date when the promise to pay must be performed. It is no more uncertain for practical purposes than a bill drawn, for example, "at sight," or "on demand," neither of which phrases has ever been held to diminish negotiability. Yet, with regard to bills so drawn, the holder exercises the unquestioned option of fixing the time when the direction to pay becomes absolute.

The case does not require us to attempt to formulate any general rule by which the certainty necessary to the negotiability of such paper may be gauged. It is enough for the present to announce the conclusion we have reached, that the note in controversy in this litigation is negotiable. The learned trial judge and court of appeals ruled to the same effect.

The remark made in *Chouteau v. Allen*, 70 Mo. 339, intimating a contrary view, should not be regarded decisive of the question, as the exact case here presented was not then considered.

II.   The decision of the foregoing point leaves little further to be said.

Under the pleadings the execution of the note and its transfer to plaintiff were admitted.   When the latter produced the note it amounted to evidence tending to prove that it had been acquired before maturity and for value.

When plaintiff rested, defendant, by his own evidence, established that plaintiff had purchased the note without notice of any failure of consideration, before maturity.   Thereafter defendant's offer to prove the failure of consideration was properly rejected.   It was irrelevant to the issues made by the pleadings in view of the facts already before the court as disclosed by the proofs of both parties.   In that state of the case the court correctly directed the jury to return a verdict for plaintiff on the undisputed facts.

The judgment of the court of appeals and of the circuit court are hence affirmed, all the judges agreeing.