BEN. H. EDELEN, Respondent, v. W. T. WORTH *et al.*, Defendants; ALFRED JONES, Appellant.

St. Louis Court of Appeals, February 2, 1897.

1. **Promissory Note:** INDORSEMENT: EVIDENCE: PRESUMPTION. Where an indorsement was made on a note in suit, but there was no evidence tending to show when and by whom the indorsement was made, the presumption was, in the absence of such proof, that it was made by authority of the parties, contemporaneously with the execution of the instrument, and hence became a part of the note.

2. ———: ———: PLEADING: ONUS. In such suit, where the note and indorsement read together were, in effect, an agreement between the parties that defendants would pay plaintiff the amount therein specified, provided plaintiff surrendered to one F. a certain bond within the time mentioned, the proviso or condition was a part of the covenant to pay, and it was incumbent on plaintiff to allege and prove that he returned or offered to return the bond to F. within the required time.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED AND REMANDED.

*John M. Jayne* for appellant.

Respondent must recover, if at all, on the cause of action stated in his petition. *Whipple v. Building & Loan Ass'n,* 55 Mo. App. 554; *Bank v. Umrath,* 42 *Id.* 525.

An agreement on the back of a promissory note before signing is not a prior or contemporaneous agreement, but a part of the note. *Bank v. Clark,* 52 Mo. App. 593; *R'y v. Levy,* 17 *Id.* 501, 504, 505.

The presumption is, in case of an indorsement on the back of a contract or note, that it was placed there contemporaneously with the execution of the note or contract, and therefore a part of the note or contract. 1 Danl. Neg. Inst. [2 Ed.], 132, sec. 154; *Heywood v. Perrin*, 10 Pick. 228; *Shaw v. M. E. Society*, 8 Metc. (Mass.) 223; *Barnard v. Cushing*, 4 *Id.* 230.

No brief filed for respondent.

BIGGS, J.—This is an action on a promissory note. The note is signed by the defendants and made payable to plaintiff. On its back the following is indorsed: "This note to be void, providing B. H. Edelen keeps a certain multiple bond, No. —— of the Guarantee Investment Company of Nevada, Mo., for the period of twelve months from the date of this note, otherwise to be good and paid one week after due, and said B. H. Edelen surrenders said bond to D. F. Foor. It being expressly understood that it is entirely optional with B. H. Edelen whether he shall surrender the note or the bond to D. F. Foor, at the expiration of the time." The petition made no reference whatever to this indorsement. The answer is a general denial. It also states other matters as special defenses, which we need not notice, as no attempt was made to prove them. At the trial the plaintiff offered the note in evidence. This was all of the evidence. The court sitting as a jury found for the plaintiff and entered judgment against the defendants for the amount of the note. The defendant Jones alone has appealed. He claims that the evidence is not sufficient to support the judgment.

There was no evidence tending to show when and by whom the indorsement was made. In the absence of such proof, the presumption is that it was made con-

temporaneously with the execution of the instrument and by authority of the parties thereto, and hence became a part of the note. *Mo. Pacific Railway Company v. Levy*, 17 Mo. App. 501; 1 Dan. Neg. Inst., section 154; *Hartley v. Wilkinson*, 4 Camp. 127. Reading (as we must) the face of the note and the indorsement together, the agreement of the parties was in effect that the defendants would pay plaintiff the amount specified therein, provided the plaintiff within the time mentioned surrendered the bond of the Guarantee Investment Company to Foor. The proviso or condition is a part of the covenant to pay, and therefore under the rules of pleading it was incumbent on the plaintiff to note it in his pleading, and aver and prove a liability consistent with it. *Coal Company v. Brick Company*, 66 Mo. App. 296. In other words, he should have alleged in his petition and proved at the trial that within the required time he returned or offered to return the bond to Foor. As he did neither, the judgment will have to be reversed and the cause remanded. It is so ordered. All the judges concur.