Savings Bank v. Lawson.

LEWISTON SAVINGS BANK, Appellant, v. JOHN W. LAWSON et al., Respondent.

**St. Louis Court of Appeals, January 29, 1901.**

1. **Promissory Note:** EXAMINATION OF NOTE BY APPELLATE COURT: ERASURE OF NEGOTIABLE WORDS: EVIDENCE: PRACTICE, APPELLATE. In the case at bar, the appellate court had the note produced for inspection by the court, and found that the physical condition of the note was a complete refutation of the evidence of the defendant that the negotiable words "or bearer" in the note were erased before it was signed, that defendants were mistaken and their treacherous memories should not have been permitted to countervail the plain physical facts.

2. ———: ———: ———: ———: INSTRUCTION. And that the following instruction properly declared the law in the case and should have been given: "The court instructs the jury that if they shall believe from the evidence in the case that defendants signed their names to the note sued on; and that plaintiff is in the possession thereof, and that the same is indorsed by the Climax Fence Machine Company to plaintiff in blank—that is to say, that the name of the assignee is left out of the assignment thereon—then those facts constitute in law prima facie evidence that the holder thereof is the owner and that it took the said note for value received before it became due and in the regular course of business; and the court instructs the jury that in that case they should find a verdict for plaintiff for the full amount of the note sued on and the interest thereon, unless they should further believe from the evidence in the case that the words "or bearer" were inserted in said note by the said Climax Fence Machine Company or by plaintiff after the said note was executed and delivered to said company or its agents, or after it was assigned and delivered to plaintiff."

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED.

*Blair & Marchand* and *W. P. Johnson* for appellant.

The evidence showed plaintiff had possession of the note —that it bought the note before maturity—without notice of any fraud or wrong, in the usual course of business; that it is a holder thereof in good faith for a valuable consideration. Upon the pleadings, issues and evidence, plaintiff was entitled to a judgment. Jennings v. Todd, 118 Mo. 296; Corby, Executrix, v. Butler, 53 Mo. 398; Mayes et al. v. Robinson, 93 Mo. 114; Bennett et al. v. Torlina, 56 Mo. 309; Merrick et al. v. Phillips, 58 Mo. 436; Shirts v. Overjohn, 60 Mo. 305; Johnson v. McMurray, 72 Mo. 278.

*R. B. Noel* and *W. M. Hilbert* for respondents.

No brief furnished reporter.

BLAND, P. J.—The suit is upon the following promissory note, to-wit:
"$140.00.          "La Belle, Mo., May 31, 1897.
"On the first day of January, 1898, I promise to pay to The Climax Fence Machine Company or bearer one hundred and forty dollars, at Lewistown, Mo., Bank of ———, value received with 8 per cent interest, after 30 days, from date, negotiable and payable without defalcation and discount.
                                        "Geo. B. Lawson.
                                        "J. W. Lawson.
"P. O. Lewistown; No. 2442; Due January 1, 1898."
On the back of the note is the following indorsement: "Without recourse. Climax Fence Machine Co. by J. W. Barber."
Defendants' evidence tended to prove that J. W. Lawson, one of the makers, refused to sign the note in its negotiable

form, and that before it was signed by the makers, the agent of the Climax Fence Machine Company who took the note, erased with pen and ink the words "or bearer," and after the erasure the defendant signed the note. The signatures of the defendants upon the note were proven to be genuine and they both practically admitted that they signed the note. On the part of the plaintiff, the evidence was that plaintiff purchased the note before maturity for a valuable consideration and without notice of any infirmities. We have had the note produced here for our inspection. The negotiable words, "or bearer" in the note are in print and there is not the semblance of a pen mark, or other mark through them; they are clear and free from any marks and bear no evidence whatever of any effort to erase them. The court refused to give the following instruction asked by the plaintiff, to-wit:

"1. The court instructs the jury that if they shall believe from the evidence in the cause that defendants signed their names to the note sued on; and that plaintiff is in possession thereof, and that the same is indorsed by the Climax Fence Machine Company to plaintiff in blank; that is to say, that the name of the assignee is left out of the assignment thereon, then those facts constitute in law prima facie evidence that the holder thereof is the owner and that it took the said note for value received before it became due and in the regular course of business; and the court instructs the jury that in that case they should find a verdict for plaintiff for the full amount of the note sued on and the interest thereon, unless they should further believe from the evidence in the case that the words 'or bearer' were inserted in said note by the said Climax Fence Machine Company or by plaintiff after the said note was executed and delivered to said company or its agents, or after it was assigned and delivered to plaintiff."

And for the defendants, the court gave the following instructions to-wit:

"1. The court instructs the jury that if you believe from the evidence that the words 'or bearer' were erased from the note signed by the defendants at the time said note was signed, plaintiffs can not recover and your verdict should be for the defendants.

"2. The defendants claim the note sued on was not executed by them. If they intended and undertook to sign a note prepared with the words 'or bearer' erased therefrom, and said note was so manipulated by one Weisenborn that they were fraudulently caused to sign a different note from that they thought they were signing; and if a prudent business man would have been or could have been so deceived and caused to sign a note he did not intend to by such 'fraudulent manipulations, then the note thus signed would not be a note executed by defendants, and would not be their note, and plaintiff could not recover thereon."

On the instructions as given, the jury returned a verdict for the defendants. After unavailing motions for a new trial and in arrest, plaintiff appealed.

I. The physical condition of the note is a complete refutation of the evidence of the defendants that the negotiable words in the note were erased before it was signed. They were mistaken and their treacherous memories should not have been permitted to countervail the plain physical fact presented and seen by the jury and court, that the negotiability of the note had not been destroyed by an erasure, and the verdict is manifestly the result of passion and prejudice. Not only the weight of the evidence, but such evidence as should have controlled the court and jury was in favor of the integrity of the note and its negotiable quality when signed by the defendants. The instruction asked by plaintiff correctly stated the law and should have been given. Bark v. Skeen, 101 Mo. 683; Johnson v. McMurray, 72 Mo. loc. cit. 282; Smith v.

Ferry, 69 Mo. 142; Edelen v. Worth, 69 Mo. App. 124; Gave v. Averill, 57 Mo. App. 111; Woolen Mills v. Myers, 43 Mo. App. 124.

The first instruction given for defendants is erroneous, because there is no substantial evidence on which to predicate it. The words "or bearer" in the note were not erased from the note when it was signed. The note itself shows conclusively and beyond peradventure that no such erasure was made and this question should not have been submitted to the jury in the form it was. The evidence of defendants is that they intended to bind themselves by signing a note and that they voluntarily signed the note in suit, with full opportunity of ascertaining the true character of the note they did sign. If by their negligence or by misrepresentations of another they signed a negotiable note instead of one not negotiable, they can not be heard to impeach its validity in the hands of a bona fide holder. It was their negligence, their lack of vigilance which enabled the makers to put the note in circulation, and they, rather than an innocent holder for value, should suffer. Bank of Commerce v. Stanley, 46 Mo. App. 440.

The second instruction given for defendants is a departure from the pleadings. The answer is *non est factum,* not imposition and fraud in the procurement of the signatures to the note. No such issue is made by the pleadings and this issue should not have been submitted to the jury. If the defendants signed the note in its present condition—and there is no room to doubt that they did—and the plaintiff purchased the note for a valuable consideration before maturity in good faith, as a matter of law, plaintiffs are entitled to recover whether or not the consideration of the note has failed in part or whole. For the errors noted the judgment is reversed and the cause remanded. All concur.