THE VILLAGE OF WILMETTE

*v.*

THE PEOPLE *ex rel.* Farm Land Mortgage, etc. Company.

*Opinion filed February 21, 1905.*

1. SPECIAL ASSESSMENTS—*holders of vouchers are chargeable with notice of statutory provisions.* Special assessment vouchers are issued and received in pursuance of statutory provisions, and holders thereof are chargeable with notice of such provisions as fully as though they were set forth at large in the vouchers.

2. SAME—*a holder of voucher has notice that property owner may pay assessment in advance.* A holder of a special assessment voucher is charged with notice that under the statute a property owner may pay deferred installments in advance and relieve himself of payment of interest.

3. SAME—*holder of voucher must demand payment when funds are collected.* It is the duty of a holder of a special assessment voucher to ascertain when sufficient money has been collected to pay the principal and interest and to demand payment, and it is not the duty of the municipality to notify the holder of that fact.

4. SAME—*what interest the holder of voucher is entitled to receive.* The interest which the holder of a special assessment voucher is entitled to receive is that, and that only, which the property owners were required by law to pay in order to discharge the lien against their property.

5. SAME—*interst on voucher ceases when money applicable to its payment is in the treasury.* Interest upon a voucher issued against a deferred installment of a special assessment ceases when money legally applicable to the payment of the voucher has reached the treasury of the municipal corporation.

6. SAME—*when supplemental assessment cannot be levied.* A supplemental assessment cannot be levied to pay a deficit in interest upon a special assessment voucher caused by the payment by property owners of deferred installments in advance, the fund being allowed by the holder of the voucher to lie idle in the treasury after being paid in.

APPEAL from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

J. L. McKITTRICK, and GEORGE GILLETTE, for appellant.

WILLIAM J. DONLIN, and F. C. ELLIOTT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition filed in the circuit court of Cook county by the appellee company for a writ of *mandamus* commanding the appellant village to cause a supplemental special assessment to be made and levied on certain real estate in said village for the purpose of paying a special assessment voucher of which the appellee relator was the owner. The cause was heard upon a stipulated state of facts and judgment was entered granting the prayer of the petition, and the village has appealed.

The facts are, that on the 14th day of September, 1892, judgment was entered in the county court of Cook county confirming the original special assessment under which the voucher here sought to be collected was issued. The total amount of the assessment confirmed was $131,936.65. Under the provisions of section 55 of the Local Improvement act, as amended June 15, 1891, (1 Starr & Cur. Stat. 1896, p. 782,) the assessment was divided into five installments, payable annually from and after the first day of January, 1893, the last installment being payable January 1, 1897. Vouchers were issued to the contractor against each installment to the total amount thereof, except that a small sum was paid in cash on the first installment. More than one voucher was issued against each installment and all of the vouchers were sold by the contractor to the relator, and all of the vouchers, together with the interest thereon, have been paid to the relator except the one here sought to be collected, which is No. 73, and is for the sum of $4561.10, being the part remaining unpaid of the fifth installment, as the relator claims. The voucher reads as follows:

"This is to certify that the village of Wilmette will pay at its office, to the order of I. W. Newcomer, the sum of forty-five hundred and sixty-one and 10/100 dollars on the first day of June, A. D. 1897, or on demand when there is sufficient money collected

from the installment hereinafter mentioned to pay the same, with interest thereon at the rate of six per cent per annum from the first day of January, A. D. 1893.

"This voucher is drawn against the fifth installment of a special assessment levied under an ordinance of the village of Wilmette for the construction of a connected system of water mains in the village of Wilmette, which assessment was confirmed by the county court of Cook county, Illinois, on the 14th day of September, A. D. 1892, and was known in the county court as special assessment No. 5 of the village of Wilmette, and the amount of this voucher, and the interest thereon, is to be paid from the funds created by said ordinance and assessment and in accordance with the statute of the State of Illinois in such case provided.

"Witness the seal of said village and the signatures of its president and clerk this 31st day of August, A. D. 1893.

S. S. DINGEE, <em>President.</em>

Attest: F. H. DRURY,
[Seal.]            *Village Clerk."*

"In consideration of the issuing of this voucher........hereby, for....sel....heirs, executors, administrators and assigns, accept the same in full payment of the amount herein stated, and relinquish any and all claims or liens....have against the said village of Wilmette, of Cook county, Illinois, for the work mentioned herein, or for the payment of this voucher, except from the collection of the installment herein named.

I. W. NEWCOMER, <em>Contractor."</em>

It was stipulated that all said assessments as so confirmed, and the respective installments and interest, were duly collected and paid to the village treasurer of Wilmette, and that there remains no sum delinquent or yet to be collected upon such assessment and the installments of the amount so confirmed; that all the costs and expenses of the improvement, including the costs of inspection, engineering, superintendence and the cost of making and collecting said assessment, have been paid, except the outstanding voucher above referred to.

The deficiency in question arose and was occasioned as follows: The owners of a large portion of the property upon which said assessment was levied and confirmed paid the amount of the several installments assessed against their property, together with the interest thereon to the date of

such payment, in advance and prior to the time said install-
ments became due, and by reason thereof the amount of in-
terest which thus became abated by reason of the advanced
payment of such deferred installments, exceeded in amount,
by several thousand dollars, the amount of the deficiency in
question.    The vouchers were not presented for payment by
the holders thereof and were not paid until after the several
installments became due and payable, and on account of ac-
cumulation of interest on such vouchers, with no correspond-
ing accumulation of interest on a large part of the deferred
installments which had been paid in advance, as aforesaid,.
the deficiency in question arose.    Sufficient moneys were col-
lected to pay all of said vouchers, and interest thereon, if the
same had been presented and paid before the several years
at which said installments were payable, but no demand was
made by the relator or the holders of said vouchers for pay-
ment of the same at times when there was sufficient money
collected with which to pay the same, together with interest
thereon, but the said village of Wilmette did not notify the
holder of said vouchers of the fact of such payments in ad-
vance having been made and the voucher holder had no
knowledge thereof, and the same not having been paid at
such times, the subsequent accumulated interest on the said
vouchers, with no corresponding interest on that portion of
the several installments which had been paid in advance, as
aforesaid, caused the deficiency in question.

The court erred in awarding the writ.    Section 63 of the
Local Improvement act, approved June 15, 1891, (1 Starr
& Cur. Stat. 1896, p. 783,) constitutes the authority for the
issuance of the voucher by the village.    The section provides
that the voucher shall contain a clause, to be signed by the
person receiving the same, relinquishing all claims or rights
against the village except for the collection of the installment
against which the voucher was issued.    The voucher here
involved contained this clause.    The village, under the stat-
ute, became authorized to collect the installments from the

property owners and to pay the amount collected to the holder of the voucher.

Section 56 of the Local Improvement act of 1887 (1 Starr & Cur. Stat. 1896, p. 782,) empowered any property owner to discharge the lien of any installment of the special assessment assessed against his property at any time before the maturity of the installment by making payment of the amount so assessed against his property and paying the interest thereon to the time of making such payment. Any such payment would, of course, be made to the village. In the voucher here under consideration it is expressly stated that "the amount of this voucher, and the interest thereon, is to be paid from the funds created by said ordinance and assessment and in accordance with the statute of the State of Illinois in such case provided," and that it is to be paid at the office of the village of Wilmette "on the first day of June, A. D. 1897, or on demand when there is sufficient money collected from the installment hereinafter mentioned to pay the same, with interest thereon  *  *  *  from the first day of January, A. D. 1893."

Special assessment vouchers are creatures of the statute and are issued and received in pursuance of statutory provisions, and the holders and owners thereof are chargeable with notice of such provisions of the statute as fully as if set forth and at large in the vouchers and each of them. The relator company therefore knew that the vouchers, and the interest thereon, were payable only out of the installments of the special assessment, and also that those who were chargeable with the burden of paying the special assessment could lawfully pay at any time and be exempt from payment of interest thereafter. It also knew that under the terms of the voucher and under the law it had the right to demand of the village and receive payment of the voucher whenever sufficient money had been collected to pay the principal and interest thereof. It knew, also, that the village was but an instrumentality selected by the law to receive payment of the

assessments from the property owners and to pay the same to the holder of the vouchers, and that the property owner, in order to acquit his property of liability and discharge the lien of the assessment, was not required to seek the owner and holder of the voucher, but could lawfully make the necessary payments to the village. The relator knew, furthermore, that the property owner was not required to withhold payment of the assessment until the voucher became due, but had, by law, the option to pay at any earlier date and thereby acquit himself of the burden of further payment of interest. The village was required to pay the amount so paid in advance by property owners to the holder of the vouchers on demand, and had no further liability or duty to perform. It devolved on the relator to ascertain when there was money in the treasury of the village applicable to the payment of the vouchers held by it and to present the vouchers for payment. The vouchers, both principal and interest, were payable only through the enforcement of the liens created by the judgment of confirmation against the property adjudged to be benefited by the improvement. The interest which the holder of the vouchers was entitled to receive was that, and that only, which the statute required the property holder to pay in order to discharge the lien against his property. The statute gave to the property owner the option to pay at any time the amount necessary to discharge the lien and the interest on such amount to the time of making such payment and be exonerated from further liability to pay interest, and the relator held his vouchers in subordination to this statutory right of the property owner. The owners of the property against which this assessment was confirmed have paid all amounts that the law required them to pay. The relator has received all that the statute, and its contract made thereunder as purchaser and owner of the vouchers, entitled it to receive. The loss of interest has been occasioned by the action of the relator company in allowing moneys which it was entitled to receive to remain idle in the treasury of the village. Interest

did not accumulate on its vouchers after moneys legally applicable to the payment thereof had reached the treasury of the village.

The relator was not entitled to the relief asked by the petition. The judgment of the circuit court will be reversed.

*Judgment reversed.*