# THE STATE OF NORTH DAKOTA, EX REL. BITHULITIC & CONTRACTING, Limited, v. M. F. MURPHY, as Mayor, and George S. Thomas, et al., as Aldermen of the City of Grand Forks.

(128 N. W. 303.)

**Municipal Corporations — Special Assessments — Payment — Discharge of Assessments.**

1. The owner of any real property in a city, against which a special assessment has been made, may pay the assessment in full at any time with unpaid interest thereon to the date of payment, and such payment shall constitute a discharge of the lien of such assessment upon his property.

**Municipal Corporations — Special Assessments — Warrants — Payable "on or before."**

2. A city issuing special assessment paving warrants, payable in twenty annual instalments, has the right to have incorporated in each of such warrants a stipulation that the city may pay the same at any time before maturity, and thus stop interest.

Opinion filed October 19, 1910.

Appeal from the District Court of Grand Forks county; *Honorable Chas. F. Templeton,* J.

Application by the State on the relation of Bithulitic & Contracting, Ltd., against M. F. Murphy and others for mandamus. From an order denying a peremptory writ, relator appeals.

Affirmed.

*Feetham & Elton,* for appellant.

*J. B. Wineman,* for respondents.

CARMODY, J. Application by the state on the relation of Bithulitic & Contracting, Ltd., to the district court of Grand Forks county for a peremptory writ of mandamus against M. F. Murphy, mayor, Charles J. Evenson, auditor of the city of Grand Forks, and George S. Thomas and others, as members of the common council of said city, to compel the common council of Grand Forks to direct the issuance to the relator of special assessment warrants in due form in payment of the amount found due the said relator, which warrants shall not contain any provision reserving to the city the right to call or pay the same

before they become due by the terms thereof and to compel the mayor and auditor of said city to issue immediately, upon being authorized thereto by the city council, and deliver to the said relator, warrants in due form, not containing any provision reserving to the city the right to call or pay the same before they become due by the terms thereof. From a final order denying the writ, relator appeals.

During the winter of 1909 and 1910, the city of Grand Forks organized paving district No. 12 of such city, and entered into a contract with relator to pave certain of its streets in said district, and agreed to pay for the work in special assessment warrants, drawing 6 per cent interest. The contract for such improvements fixed no time for payment therefor. It provided that the city would, from time to time as the work progressed, pay to such contractor upon an estimate made by the city engineer of the amount already earned thereunder, 85 per cent of the amount shown by such estimate to have been so earned, in special assessment warrants drawn on fund of paving District No. 12, of such city. During the month of June, 1910, the city offered to issue to relator its special assessment warrants drawn on the special assessment fund of paving district No. 12, payable on the 1st day of July of each year, from July 1st, 1911, to July 1st, 1930, inclusive, drawing interest at the rate of 6 per cent per annum, with the following provision: "This warrant may be retired before the due date thereof, by written notice from the city treasurer, delivered to or mail by registered letter to the owner thereof, as shown by the warrant record of the city, and to such address as shown on such record, and interest thereon to cease from the date of such delivery or the mailing of notice, and all unmatured interest coupons hereto attached shall be void."

The only question at issue in this proceeding is whether the appellant has the right to demand of the city of Grand Forks, that there be issued to it in payment for the work done by it, special assessment warrants due at certain specified times without having incorporated in such warrants a stipulation to the effect that the city may pay the same at any time before the specified due date.

That part of § 2786, Rev. Codes 1905, which applies to the matter in controversy, is as follows: " . . . and in anticipation of the levy and collection of such special assessments, the city may, at any

time after the making of a contract for any such improvements, issue warrants on such funds, payable at specified times and in such amounts as, in the judgment of the city council, the taxes and assessments will provide for, which warrants shall bear interest at the rate of not to exceed 7 per cent per annum, payable annually, and may have coupons attached representing each year's interest. Such warrants shall state upon their face for what purpose they are issued, and the fund from which they are payable, and shall be signed by the mayor, and countersigned by the city auditor under the seal of the city, and be in denominations of not more than $1,000 each. Such warrants may be used in making payments on contracts for making such improvements, or may be sold for cash, at not less than the par value thereof, and the proceeds thereof credited to such fund, and used for paying for such improvements. It shall be the duty of the city treasurer to pay such warrants and interest coupons as they mature and are presented for payment, out of the district funds on which they are drawn, and to cancel the same when paid."

Section 2794 is as follows: "The special assessments herein provided for the payment of the cost of paving and repaving shall be payable in equal annual amounts, and in case such paving shall be made on a perishable foundation of wood, such amounts shall be extended over a period not to exceed ten years, and in case such pavement shall be constructed with a concrete or other permanent foundation, such amount shall be extended over a period not exceeding twenty years; provided that whenever the city counsel shall determine to pave upon such permanent foundation, otherwise than with ordinary wooden pavement, such amounts may in the discretion of the city council, be extended over a period not to exceed thirty years, and the said assessment shall bear interest at the rate of not exceeding 7 per cent per annum on the total amount thereof remaining from time to time unpaid, and the rate to be fixed by the city council."

Section 2797 of said Code provides as follows: "All special assessments levied under the provisions of this article shall become due and payable ten days after the same shall have been approved by the city council, and shall thereafter bear interest at the rate of 7 per cent per annum."

Section 2806, as far as material, is as follows: "The owner of any

property against which an assessment shall have been made for the cost of any improvement under this article shall have the right to pay the same, or any part thereof remaining unpaid, in full, with the unpaid interest thereon, and such payment in full shall constitute a discharge of the lien of such assessment upon his property."

Construing § 2806, supra, we are convinced that the owner of any property against which a special assessment has been made may pay the assessment in full at any time, with unpaid interest thereon to the date of payment, and such payment shall constitute a discharge of the lien of such assessment upon his property.

Appellant contends that the language of the statute, "payable at a specified time," taken in connection with the following language, "it shall be the duty of the treasurer to pay such warrants as they mature," can only be construed to mean that the warrants must be made payable unconditionally on a certain due date. In this contention we think it is in error. A promissory note, to be negotiable, must be payable on demand or at a fixed determinable future time. Our negotiable instrument act, § 6306, provides that an instrument is payable at a determinable future time which is expressed to be payable on or before a fixed or determinable future time, specified therein. It is invariably held that a note payable on or before, for all purposes of negotiation, is regarded as a note payable solely on the date named therein. Jordan v. Tate, 19 Ohio St. 586; Mattison v. Marks, 31 Mich. 421, 18 Am. Rep. 197; First Nat. Bank v. Skeen, 101 Mo. 683, 11 L.R.A. 748, 14 S. W. 732.

In Jordan v. Tate, supra, the court says: "The negotiable character of a promissory note is not affected by the fact that it is made payable by its terms on or before a future day therein named. Though the maker has a right to pay such note at any time after its date, yet for all purposes of negotiation it is to be regarded as a note payable solely on the day therein named."

In Mattison v. Marks, supra, the court says: "It seems to us that this note is payable at a time certain. It is payable certainly, and at all events, on a day particularly named; and at that time, and not before, payment might be enforced against the maker. It is impossible to say that this paper makes the payment subject to any contingency, or puts it upon any condition. The legal rights of the holder

are clear and certain; the note is due at a time fixed, and it is not due before. True, the maker may pay sooner if he shall choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more."

In First Nat. Bank v. Skeen, supra, which was an action upon a promissory note, the court says: "The objection to its negotiability rests on the use of the words 'on or before the 1st day of September, 1885,' in connection with the promise to pay. It is claimed that such language makes the time of payment uncertain; and hence destroys its negotiable character. . . . It would seem obvious that a certainty of ultimate payment should not be considered impaired by the intervention of an option, in favor of the maker, to discharge his obligation at an earlier time. The paper still retains a fixed date, when the promise to pay must be performed."

The statute under which the warrants in question are issued does not provide in terms for the redemption at any time, nor prescribe any method therefor, though it does prescribe that no warrant under the act shall be issued for a longer period than ten, twenty, or thirty years, according to the quality of the foundation on which the paving is laid, and such warrants may be issued for any shorter period of time in the discretion of the city council. This the relator knew when making the contract, which contract did not provide when the warrants should become due.

Special assessment warrants are creatures of the statute, and are issued and received in pursuance of statutory provisions, and the holders and owners thereof are chargeable with notice of such provisions of the statute as fully as if set forth and at large in the warrants and each of them. The relator company therefore, knew that the warrants and the interest thereon were payable only out of the special assessments (except in case a deficiency remained after all special assessments had been collected and applied in payment of the warrants), and also that those who were chargeable with the burden of paying the special assessments could lawfully pay at any time and be exempt from payment of interest thereafter.

Construing §§ 2786, 2794, and 2806, supra, we think respondents had authority to issue the warrants offered to be issued by it to relator, and that relator is not deprived of any of its rights by the city issu-

ing warrants payable in twenty annual instalments, with an option to retire them at any previous time. Any other construction of the statute would, in our opinion, be inconsistent with the legislative intent.

As sustaining our views herein, see Wilmette v. People, 214 Ill. 107, 73 N. E. 327; Stewart v. Henry County, 66 Fed. 127.

The order appealed from its affirmed. All concur.