HUDSON et al. v. REAVES et al.

No. 30999. Feb. 8, 1944.

Rehearing Denied April 25, 1944.

*147 P. 2d 986.*

T. J. McComb, of Oklahoma City, and Reily & Reily, of Shawnee, for plaintiffs in error.

John L. Goode, Mark Goode, and Tom C. Wyatt, all of Shawnee, and John L. Green, of Sulphur, for defendants in error.

BAYLESS, J. S. B. Hudson instituted an action in the district court of Pottawatomie county, Okla., for the purpose of quieting title to a fractional interest in the oil, gas, and other minerals in and under certain real estate in that county, and made A. T. Reaves, Park Wyatt, and E. P. Kerr, his real opponents, and H. A. Pease, his grantor, defendants. Hudson and Pease appeal from a judgment in favor of the other defendants. The action was for equitable relief and was tried to the court without a jury.

Prior to March 15, 1930, Pease was the owner of the real estate. On January 15, 1940, one McClellan, purporting to act for Pease and Hudson, caused to be recorded a warranty mineral deed from Pease to Hudson, dated March 15, 1939, and showing that it was acknowledged on the same date. In July, 1939, Reaves obtained a judgment against Pease, and in 1940, caused the real estate involved to be seized and sold on execution in satisfaction of the judgment, and the interests now held by Reaves, Wyatt, and Kerr are based on this execution sale. It is Hudson's general contention that he obtained his interest in the minerals prior to the rendition of the judgment and that his interest was not subject to seizure or sale in satisfaction thereof. Pease, as his grantor, joins in Hudson's efforts to sustain this contention. It is the general contention of Reaves, Wyatt, and Kerr that the mineral deed relied upon by Hudson was executed and delivered subsequent to the rendition of the judgment in an effort on the part of Pease to evade the effect of the judgment and that the judgment and its lien and the execution sale were sufficient to vest full title in them, not affected by Hudson's deed.

Hudson's brief falls into two main divisions. The first relates to the sufficiency of the verified answer to raise an issue respecting the execution and delivery of the deed under 12 O. S. 1941 § 286, and whether any evidence was admissible on this issue; and second, respecting the correctness of the trial court's judgment when weighed by the evidence as a whole.

In the first proposition Hudson contends that his petition with the deed attached as an exhibit amounts to an allegation of the execution of the deed as a written instrument so as to bring into effect section 286, supra, which reads:

"In all actions, allegations of the execution of written instruments and endorsement thereon . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney"

—and, since the verified denial in the answer is insufficient, amounts to due proof of the execution of the deed and dispenses with the necessity or propriety of proof on the issue. In response to this argument, defendants call attention to the manner in which Hudson pleaded his deed, and argue that the allegations in that respect are deliberately equivocal, and argue further that the allegations in their verified denial are sufficient to raise an issue of fact of the execution of the deed under section 286, supra.

This argument calls for a consideration of the allegations of the petition and answer on this point. The plaintiff's petition reads, in part:

"That plaintiff's title was acquired in the following manner to wit: By Warranty Mineral Deed, dated the 15th day of March, 1939, from H. A. Pease to plaintiff and filed for record on the 15th day of January, 1940. . . ."

The answer, which was verified, of the defendants, reads in part:

"1. These answering defendants deny each, every, all and singular the material allegations and averments in said petition contained, and each and every paragraph thereof and therein, save and except the matters and things hereinafter specifically admitted.

"2. These defendants specifically deny the allegations of the plaintiff in paragraphs 'I' and 'II' wherein the plaintiff alleges he is the owner of the interest in the mineral rights described in his petition. . . .

"4. These defendants, each and all, deny every other allegation of the petition of the plaintiff; deny that the plaintiff ever owned any interest, real estate and premises set up and described in his petition; deny that the plaintiff has any right, title, interest, estate, claim or demand in, and to said mineral interest, real estate and premises described in his petition or any part thereof."

In Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210, the court was considering section 286 with respect to the allegations necessary to be made of the endorsements on a note in order to dispense with proof on the issue. In that case a copy of the note sued on was attached to the petition, and on the note certain endorsements appeared, which the plaintiff insisted had the effect of extending the note and avoiding the bar of the statute of limitations, but no allegation was made in the petition concerning the endorsements. The trial court held that the copy of the note showing the endorsements was sufficient allegation of the endorsements and their effect, and since the defendant had not clarified his denial in his answer, the endorsement stood admitted. This court reversed the judgment of the trial court saying:

" . . . And the fact that a copy of the note was attached to the petition would not relieve the plaintiff of the necessity of pleading the indorsement before it could require the defendant to deny it under oath. The statute is specific, and it is the specific allegation of the indorsement that the defendant is required to deny under oath; not something that may be shown by an exhibit attached to the petition."

We are of the opinion that the language just quoted is applicable here insofar as it requires the allegations of the execution of a written instrument, such as the deed under consideration, to be made in such an explicit manner as to amount to an affirmation by the pleader to the court that the written instrument was executed on the date in question in order that the trial court may rely thereon in the event the defendant fails to answer or fails to deny such affirmative allegation under oath.

The defendants' answer in this case is verified by one of the defendants, and although its allegations of denial are somewhat limited and modified, we are of the opinion that the allegations of the petition respecting the execution of the deed are not made in the explicit, affirmative manner that is sufficient to require their denial under oath by virtue of section 286, supra.

The second proposition relates to the weight of the evidence, and since this is an equitable action, we must weigh the evidence, but are not authorized to reverse the judgment of the trial court unless we can say its judgment was clearly against the weight of the evidence. Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. 2d 1068. As noted above, the deed shows on its face that it was executed March 15, 1939, and acknowledged on that date and recorded in January, 1940. Although the acknowledgment appears to have been dated on March 15, 1939, the notary who took it testified it was taken on the 15th of January, 1940, and was given for the purpose of defrauding certain judgment holders, including these defendants.

There are other circumstances which reasonably support the trial court's findings. We are of the opinion that Hudson and Pease have failed in their efforts to show that the judgment which the trial court rendered is one that should be set aside because it is clearly against the weight of the evidence.

The judgment is affirmed.