BECK et al. v. HARVEY et al.

No. 31514. Nov. 28, 1944.

Rehearing Denied June 26, 1945.

Application for Leave to File Second
Petition for Rehearing Denied
Dec. 18, 1945.

*164 P. 2d 399.*

Hulsey & Hulsey, of McAlester, for plaintiffs in error.

Counts & Jones, of Hartshorne and McAlester, for defendants in error.

PER CURIAM. On the 12th day of December, 1942, L. W. Beck, hereinafter referred to as plaintiff, filed his petition against Robert Y. Harvey et al., alleging, in substance, that on the 28th day of September, 1942, Robert Y. Harvey and his wife entered into a contract with A. L. Fleming granting the said A. L. Fleming the right to remove gravel on the W. ¼ of the S.W. ¼, section 5, township 3 N., range 12 E., in Pittsburg county, Okla.; that the plaintiff is the owner of a one-fourth undivided interest in fee of all the mineral rights thereunder; that R. H. Collins and Aravesta George are also owners of a one-fourth interest in fee to the mineral rights in said land; that on September 24, 1935, plaintiff and W. G. Glover entered into an escrow agreement whereby plaintiff contracted to sell to W. G. Glover said real property reserving the one-fourth interest to the plaintiff and a one-eighth interest in R. H. Collins and a one-eighth interest in Aravesta George; that in pursuance of said agreement a warranty deed, together with a contract, was placed in escrow in the First National Bank of McAlester, Okla.; that said escrow agreement was never completed, and that W. G. Glover conveyed to Robert Harvey, under date of September 3, 1941, all of his right to said lands except one-half of the mineral rights subject to the contract of the said plaintiff and Glover; that the contract by Glover with Harvey is contrary to rights of the escrow agreement by Glover and plaintiff.

Rowena Collins and Aravesta George filed appropriate pleadings asserting their interest in the mineral rights to the property, and the defendants, including Robert Y. Harvey and Nadine Harvey, filed pleadings. Defendants Robert Y. Harvey and Nadine Harvey filed a general denial and affirmatively alleged the right to and the ownership of said premises. They further alleged that the plaintiff had parted with all of his mineral rights by leasing the premises to certain named parties not necessary to the determination of any right in this cause, and denied that the plaintiff was the owner of any of the sand and gravel in or upon or under said premises.

By an agreed order entered January 2, 1943, the contractor operating the premises for the commercial disposal of sand and gravel agreed to deposit any amount received for the sale of gravel in the First National Bank of McAlester, Okla. In a supplemental petition the plaintiff alleged more fully the relation created by the depositing of the warranty deed and the contract between the plaintiff and Glover, and particularized the activity of the purchaser of the leasehold estate in the gravel, A. L. Fleming, and ratified the contract made between the Harveys and Fleming and the contractor operating under Fleming, and prayed specifically for ten cents per cubic yard for each and every yard of gravel taken from the premises since

the conveyance. Judgment was for the defendants, and plaintiff appeals, joining Rowena Collins and Verne Whitby, also known as Aravesta George, as plaintiffs in error.

The facts are not in substantial dispute. Plaintiff, as the sole witness, testified that he and W. G. Glover entered into an agreement to convey the premises above described to the said W. G. Glover and for such purpose deposited in the First National Bank in McAlester, Okla., a warranty deed and the contract with reference thereto. The pertinent portions of the deed are as follows:

"To have and to hold said described premises unto the said party of the second part, his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and all other liens and encumbrances of whatsoever nature, except one-fourth of the mineral royalty which is hereby retained by the first parties, and one-fourth of the mineral royalty heretofore sold to Collins & George, of McAlester, Okla., and except an oil and gas lease heretofore sold to Collins & George of McAlester, Oklahoma."

The contract placed in escrow with the deed likewise provided for the reservation of the mineral interest in the land.

It is first argued that there was a breach of the terms of the escrow agreement, and that therefore W. G. Glover acquired no rights in the property. Plaintiff cites and relies upon Home Stake Royalty Corp. v. McClish, 187 Okla. 352, 103 P. 2d 72, and related authorities. An examination of the cases cited reveals that they announce the rule that where a deed or other contract of conveyance evidencing the agreement of the parties is placed in escrow a party cannot acquire any rights against the grantor by a delivery by the escrow holder to the grantee or an unauthorized acquisition of the contract or deed by the grantee. They are not in point in the case at bar. Plaintiff testified that the contract was placed in escrow in

the First National Bank of McAlester, Okla.; that it was still in said bank; that the defendant W. G. Glover transferred his rights by contract to the said Harvey; that he knew of the transaction between Glover and Harvey. In addition to this plaintiff filed a supplemental petition in which he ratified and confirmed the contract made with Fleming and sought the ten cents per cubic yard for the gravel sold from the premises. He has waived the right to object to any lack of proper conveyance and has ratified the title in the defendant Harvey.

It is next argued that the court erred in holding that gravel was not a part of the mineral rights reserved in the deed.

In construing a deed it is necessary to give effect to each word and clause contained therein which requires an analysis of the so-called reservation part of the deed with respect to rights to take and remove coal and other minerals. Shell Oil Co. v. Moore, 382 Ill. 622, 48 N.E. 2d 400.

We have not had occasion to determine in this state whether sand or gravel, subject to commercial uses, are mineral within the meaning of this term reserved in a deed, lease or license. Two cases coming to our attention have defined minerals. In Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 P. 468, L.R.A. 1918A, 487, we held that oil and gas were minerals within the terms of the granting clause of a deed reserving all mineral rights upon the described lands. And in Vogel v. Cobb, 193 Okla. 64, 141 P. 2d 276, we held that water is not a mineral within the terms of a lease conveying the oil, petroleum, gas, coal, asphalt and other minerals. Therein we stated:

"Under the rule of ejusdem generis, where a party or author, in a contract, conveyance, will or statute, makes use 'first, of terms, each evidently confined and limited to a particular class of a known species of things and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and compre-

hensive in the possible import, yet, when thus used, embraces only things "ejusdem generis," i.e., of the same kind or species with those comprehended by the preceding limited and confined terms. . . .'"

Exhaustive annotations touching cases involving the definition by various courts are found following Hudson v. McGuire, 188 Ky. 712, 223 S.W. 1101, at 17 A.L.R. page 156, and Waring v. Foden, 1 Ch. 276, 86 A.L.R. 969, and the subsequent annotations in the supplement to A.L.R. listed under these pages. Many of the cases cannot be reconciled on principle and they differ vastly as to facts.

In Waring v. Foden, supra, it is stated that a reservation of all mines, minerals and mineral substances with liberty to work and get the same by underground workings only, in a conveyance of property in which gravel is close to the surface and on which a gravel pit has been opened, does not include gravel or sand. While commercial gravel belongs to the mineral kingdom and is similar by nature, it is not regarded as a mineral. Lillington Stone Co. v. Maxwell, 203 N.C. 151, 165 S.E. 351. In Praeletorian Diamond Oil Ass'n v. Garvey (Tex. Civ. App.) 15 S.W. 2d 698, it is stated that the right to take gravel would not follow the conveyance by lease of all the oil, gas and other minerals in and under the land. Sand and gravel is not mineral within the terms of conveyances, grants and leases. 17 A.L.R. at page 166; 86 A.L.R. at page 989, and cases cited, including Steinman Development Co. v. W. M. Ritter Lumber Co., 290 Fed. 832, and Kinder v. La Salle County Carbon Coal Co., 310 Ill. 126, 141 N.E. 537. In the annotation to Waring v. Foden, supra, it is stated:

"Likewise it was held in Waring v. Foden (reported herewith) ante, 969, that gravel was not a mineral within the exception of a deed of all 'minerals' or 'mineral substances,' especially where it constituted a large part of the soil of the land conveyed, and to give the words such meaning would be a negation of the substance of the transaction."

We believe the better rule to be an-

nounced in the foregoing cases to the effect that where, as in the case at bar, the conveyance or reservation uses the words mineral royalty, the conveyance or reservation does not include gravel, although there is on the real property involved sand or gravel susceptible of commercial production and use.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., concur in conclusion.