STATE ex rel. COM'RS OF THE LAND OFFICE v. HENDRIX et al.

No. 31597. Feb. 26, 1946.

Rehearing Denied March 26, 1946.

*167 P. 2d 43.*

Everett H. Welborn and Bruno Miller, both of Oklahoma City, for plaintiff in error.

Jack H. Smith and **Reuel W. Little,** both of Madill, for defendants in error.

BAYLESS, J. This appeal is from an order of the district court of Marshall county directing the disbursement of funds collected by a receiver. The State of Oklahoma on relation of the Commissioners of the Land Office instituted an action to recover a money judgment on a promissory note and to foreclose the mortgage securing the note. At state's instigation the district court appointed a receiver for the real estate involved, and with the court's permission the receiver contracted to sell gravel from the land for a stated royalty. Ollie L. Beard and certain others, designated as defendants in the trial court, set up claims to fractional, undivided interests in the minerals in and under said land by virtue of conveyances to them in the following terms: ". . . in and to all of the oil, petroleum, gas, coal, asphalt and all other minerals of every kind or character in and under, and that may be produced from certain lands. . . ." We do not understand that there is any dispute in the facts, but only that a controversy exists as to whether gravel is a mineral within the contemplation of the above description. The trial court upheld the claims of these mineral estate owners and ordered paid to them a portion of the funds collected from the sale of the gravel.

It is first argued by state that the order made was premature, and the decision on the application should have been deferred. In view of the fact the appeal is here, and Beard et al. contend that their right to share in the proceeds of the sale of the gravel does not depend upon the foreclosure of the mortgage and quieting of the title because their mineral conveyances are superior to the mortgage lien, we do not think the order was premature and this should be used as a basis to refuse to hear this appeal.

State next contends that gravel is not a mineral within the meaning of the above description and that the trial court's order is erroneous. It appears that the courts of this country have differed in their views on this point. See the extensive annotations appearing at 17 A.L.R. 156 and 86 A.L.R. 969. At the time this appeal was lodged this court had not had occasion to consider the precise issue. However, our recent decision in Beck v. Harvey, 196 Okla. 270, 164 P. 2d 399, had that issue for its principal point, and it was our conclusion that gravel is not a mineral within the sense contended by Beard et al. Under the circumstances, we see no reason for a reconsideration of our decision therein, nor any reason for reiterating herein the matters that led us to that conclusion. That decision is decisive of the issue in this case.

The order appealed from is reversed, and the matter is remanded, with directions to proceed according to the views set out herein.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur.