KILGORE et al. v. PARROTT.

No. 32165.   April 30, 1946.

*168 P. 2d 886.*

Geo. A. Fitzsimmons, of Oklahoma City, for plaintiffs in error.

J. B. Pope, of Minco, for defendant in error.

GIBSON, C.J.   The issues present two principal questions, viz.:   Was the deed of July 22, 1935, executed by J. W. Parrott and Mittie Parrott as grantors to F. W. Ulin ineffective to pass title by reason of the mental incapacity of grantor J. W. Parrott, and, the other, was the deed of reconveyance by Ulin of the same premises to J. W. Parrott and Mittie Parrott executed on the same day effective to create a joint tenancy, with right of survivorship, so that, upon the death of J. W. Parrott, Mittie Parrott became sole owner thereof.

The trial court, after hearing the testimony, found that J. W. Parrott at the time of the execution of the deed was mentally capable so to do, and, it appearing on a review of the evidence that such holding is not contrary to the weight of the evidence, it will not be

disturbed (Hudson v. Reaves, 194 Okla. 178, 147 P. 2d 986).

The granting clause of the deed of reconveyance is as follows:

"That F. W. Ulin and Willa Ulin, husband and wife, of Oklahoma County, State of Oklahoma, parties of the first part, in consideration of the sum of One Dollar ($1.00) and other valuable considerations — DOLLARS in hand paid, the receipt of which is hereby acknowledged, does hereby Grant, Bargain, Sell and Convey unto J. W. Parrott and Mittie Parrott, and in the event of the death of either, then the survivor, of Grady County, State of Oklahoma, parties of the second part, the following described real property and premises situate in Grady County, State of Oklahoma, to-wit:".

Previous to the execution of the deed to Ulin covering the same lands J. W. Parrott and Mittie Parrott, his wife, had been for years owners of 150 acres of the lands as tenants in common and J. W. Parrott the sole owner of the remaining ten acres. The deeds were prepared in the office of attorneys in Oklahoma City, and it is manifest from the declarations of the parties on that occasion that it was the intention to create by the deeds an estate of joint tenancy with right of survivorship.

As basis for the contention that the deed was inoperative to create a joint tenancy with right of survivorship, it is urged, first, that "the doctrine of joint tenancy does not exist in Oklahoma," and, next, that the language of the deed was insufficient therefor but created a tenancy in common, and Helvie v. Hoover, 11 Okla. 687, 69 P. 958, and Clinton v. Clinton, 187 Okla. 144, 101 P. 2d 609, are cited in support of the contention.

That a joint tenancy may exist between husband and wife in Oklahoma is not open to discussion because it is expressly so declared by statute (32 O.S. 1941 § 8), and that such is true is recognized in Helvie v. Hoover, supra, by the following expression therein:

"We do not wish to be understood as holding that property cannot be conveyed to two or more persons as joint tenants, if the same is so expressed in the deed."

In the Clinton v. Clinton Case, where the court had under consideration whether certain deeds created a joint tenancy or tenancy in common, the court announced the applicable law in syllabus 2 as follows:

"Where a deed conveys to two or more grantees, title to property therein conveyed is vested in such grantees as tenants in common, unless it is clearly shown upon the face of the instrument that a joint tenancy with the right of survivorship was intended."

And we quote the following from the opinion:

"The deeds to the property vested title to that portion upon which the home is located in Wilson Clinton and Cubah Clinton, while the remainder of the property was conveyed to Cubah Clinton and the three minor children. Nothing is said regarding survivorship in either of the deeds, nor is there anything to suggest that a joint tenancy was intended. The question of joint tenancy as compared to tenants in common is discussed at great length in the early case of Helvie et al. v. Hoover, 11 Okla. 687, 69 P. 958, where the court held that a transfer of real estate by ordinary warranty deed to a husband and wife conveys to each an undivided one-half interest in the property. Section 1612, O.S. 1931, 84 Okla. St. Ann. § 184, is as follows: 'A devise or legacy . . . to more than one person vests in them as owners in common.' . . .

"We do not deem it necessary to enter into a long discussion of the difference between joint tenancy and tenants in common. It is sufficient to say that the principal difference is that the right of survivorship applies in the case of a joint tenancy, while such is not the case in the case of a tenancy in common."

If in the instant case the words "and in the event of the death of either, then the survivor" had been omitted, the deed would have created a tenancy in

common. But, with the insertion of such words, there is expressed the intent of survivorship which could obtain only by construing the tenancy to be joint instead of in common. Without the quoted words the character of the tenancy not being stated, it would in law be presumed to be in common. But with the words incorporated such presumption would be contradictory of an intent expressly declared in the instrument, and in the instant case, in view of the tenancy in common existing previously to the deeds, render the deed frivolous and ineffective, a situation the court will avoid where possible (Lowery v. Westheimer, 58 Okla. 560, 160 P. 496).

A conveyance of similar import to the one here was considered by the Supreme Court of Kansas in Withers v. Barnes et al., 95 Kan. 798, 149 P. 691. We quote the pertinent language in the deed:

"This indenture made this 1st day of April, 1904, between Delos N. Barnes, a widower of Leavenworth, in the county of Leavenworth and the State of Kansas, of the first part, and Jessie Barnes and Caroline A. Barnes, or the survivor, of the second part."

The law applicable stated in the syllabus is as follows:

"Section 2966, Gen. St. 1909, abolishing joint tenancies and survivorship, does not make it unlawful for a grantor to convey an estate to two grantees or the survivor of the two; and the survivor may lawfully take the entire fee under such a conveyance."

In construing the language of the grant the court said:

"But it is urged that section 2966, Gen. Stat. 1909, which abolishes survivorship in joint tenancies, nullifies the words 'or the survivor' in this conveyance. We think not. Considering the circumstances, the intent of this conveyance is as plain as the noonday sun. . . . It would be farfetched, indeed, to hold that the grantor of a fee could not purposely make a conveyance which would confer common ownership on two

grantees or the entire fee on one of them upon the death of the other."

We conclude that the language of the deed in the instant case, standing alone, is sufficient to reflect an intention to create a joint estate with right of survivorship. If there were any question in our mind that such was true, the surrounding facts and circumstances, the declared intention of the parties, and the fact that the deed was prepared by one versed in the law who through design used words for their legal import, would negative any basis for holding that the right of survivorship did not obtain (White v. Wester, 170 Okla. 250, 39 P. 2d 22; Kinderknecht v. Hensley, 160 Kan. 637, 164 P. 2d 105).

It is further urged that the deed to Ulin did not operate to convey for the reasons it was never delivered and no consideration therefor was paid.

These contentions are without merit. The two deeds were parts of a single transaction.

Touching the question of delivery it is the general rule that the term does not require a particular manual passage of the instrument from one to another, but rather that the requirement is satisfied by anything which clearly manifests the intention of the grantor that the deed shall presently become operative and effectual and grantor loses control and grantee becomes possessed of the estate (18 C.J. 197, § 95). In accord with this doctrine this court, in Simler v. Simler, 168 Okla. 288, 32 P. 2d 876, held as follows:

"Where there is a dispute as to whether there has been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts and words or both combined, and such acts and words and the circumstances relevant thereto are susceptible of parol proof."

It is manifest that the acceptance by the grantors in deed to Ulin of the deed executed by Ulin to them as grantees presupposes that the title had passed

to Ulin, thus accomplishing the substance of a delivery.

As declared in 18 C.J. 149, § 7:

"The idea of the alienation of property is inseparable from the idea of a property right, and the power to alienate is therefore an incident of dominion."

A consideration is not necessary to an effective exercise of the power to alienate because at the election of owner alienation may be exercised merely by gift. Although it is proper that a consideration be made necessary for the protection of the rights of third parties to whom the maker may be indebted or under legal obligation (24 O.S. 1941 § 10), no need therefor exists to render effective a deed as between the parties thereto and their privies, in absence of some wrongful act on part of grantee such as fraud or undue influence. This conclusion is applicable and controlling in the instant case and is in accord with the weight of authority. In 26 C.J.S. p. 189, § 16, it is stated:

"A use cannot be raised without a sufficient consideration. Hence, in some, particularly the earlier, decisions, it has been stated that consideration is essential to a deed. By far the more universal rule, however, is that, as between the parties, their heirs or privies, a deed is good without consideration, in the absence of some wrongful act on the part of the grantee, such as fraud, or undue influence."

However, if in the instant case an actual consideration were necessary to the validity of the deed to Ulin, one existed, and that fact appears from the record. The alleged absence of consideration is predicated upon the admission of defendant in error that no monetary consideration passed. A valuable consideration does not necessarily imply the passage from grantee to grantor of something of monetary value by way of exchange. That such is true is expressed in 18 C.J. 163, § 43, as follows:

"For example, it has been held that a conveyance is good which is based on:

A detriment to the grantee; an executory agreement; the execution of one conveyance for another; the execution both of a deed and a reconveyance at the same time and as one transaction;".

In Wilson v. Fairchild, 45 Minn. 203, 47 N.W. 642, in a situation involving the same principle as here, it was held:

"The deed and agreement to reconvey being one transaction, the execution of each is a sufficient consideration to support the other."

Such, in our opinion, is a correct statement of the law and would be fully applicable here if an actual consideration were deemed necessary.

The other contentions presented are incidental to those decided and need not be separately considered.

Judgment of trial court is affirmed.

RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur.