STEVENS v. HUBBARD.

No. 32749. Oct. 7, 1947.

Rehearing Denied Feb. 10, 1948.
Second Petition for Rehearing
Denied April 6, 1948.

*191 P. 2d 184.*

Cook & Bingaman, of Purcell, for plaintiff in error.

Curtis & Blanton, of Pauls Valley, and Purman Wilson, and Roy Glasco, both of Purcell, for defendant in error.

CORN, J. Rosa Bandy originally brought this action against R. G. Stevens to recover possession of real estate in McClain county; to impress and foreclose a purchase money lien on certain land and to cancel deeds to other land and for money judgment. A similar action to cancel deeds to real estate in Carter county was consolidated with this action, the parties agreeing the decision herein would control in both cases. Rosa Bandy passed away during pendency of this appeal, and the action was revived in the name of her executor. The plaintiff in error will hereafter be designated as defendant and the defendant in error as plaintiff, the position they occupied in the trial court.

January 1, 1933, plaintiff, a widow 62 years of age, owned her home in Purcell, Okla., and approximately 1,000 acres of ranch land in McClain county. Her home was mortgaged for $2,200 and the ranch carried a $1,500 mortgage and current taxes were unpaid. Prior to this time plaintiff had been working in a boarding house in Purcell where defendant resided.

In 1933 plaintiff moved into her home and defendant, a practicing attorney, began rooming and boarding there. The parties developed a friendly understanding and plaintiff began relying upon defendant for advice and assistance in handling her affairs, to the extent that defendant began actively managing her business. He suggested to plaintiff that her ranch would be more suitable for cattle raising and the bank where plaintiff did business extended credit for this purpose. May, 1933, the parties entered a partnership cattle venture. Plaintiff furnished the land and defendant was to manage the enterprise and share equally after expenses were paid. This arrangement continued until 1936 when plaintiff withdrew from the venture, selling her interest to defendant on credit, and leasing him the land for $350 per year.

In 1942, the parties finally reached complete disagreement over their affairs. During this period defendant handled all plaintiff's business affairs, including the sale of oil royalties, which resulted from sudden oil activity in the area. Approximately $45,000 was realized, from oil development, and defendant handled all of such transactions for plaintiff, between July 22, 1937, and March 19, 1941. After the oil development and mortgages on plaintiff's property were paid and plaintiff purchased an apartment house in Ardmore as an investment, this purchase eventually represented an investment of about $20,000.

January 21, 1939, plaintiff executed deeds conveying a half interest in all her property to defendant. The trial court found this was done upon defendant's advice that she would be secure from judgment in the event of unjust suits against her, and upon his assurance such deeds would not be placed of record unless necessary.

The trial court also found on June 23, 1941, plaintiff executed other deeds conveying undivided one-third interests in her McClain county property to defendant and to her nephew, upon defendant's advice that this was necessary to reduce income taxes. The grantees were to hold the property in trust for plaintiff and the deeds were not to be recorded. June 25, 1941, the nephew executed a deed reconveying

his one-third interest to plaintiff, but defendant inserted his name in said deed as a grantee, and on November 17, 1942, defendant placed this deed of record. Defendant never executed a deed reconveying his one-third interest to plaintiff.

When differences arose between the parties, the plaintiff brought this action to cancel the deeds, for possession of the real property, and for an accounting and money judgment against defendant, upon the theory that the deeds were obtained by fraud practiced by defendant.

By answer and cross-petition defendant alleged that plaintiff had requested his assistance in salvaging her property from insolvency, and that in 1933 the parties entered into an oral agreement that plaintiff would deed him half of the salvage from the farm property and property acquired by investment for his services in managing the same. Defendant further alleged that if the agreement did not constitute a joint venture, then his employment was on a contingent basis; or, if neither of these, then his employment was to manage plaintiff's affairs and his services were of a reasonable value of $25,000.

The record herein is voluminous and it is impractical to attempt to detail the evidence concerning the multitude of transactions involved herein, or in connection with each error asserted in the appeal and cross-appeal. It should be noted at this point that the record shows that at the beginning of the parties' association plaintiff's indebtedness consisted of a $2,200 mortgage on her home and a $1,500 mortgage on the ranch, plus a nominal amount of taxes. The evidence further established that plaintiff's credit was good and she was not in danger of foreclosure. The evidence likewise shows that defendant owned little property other than an old car, had only a small amount on deposit in the bank, and was not considered as having any credit at his bank in excess of the amount to be loaned him as a moral risk.

After hearing all the evidence the trial court rendered lengthy findings of fact and conclusions of law upon which this judgment is based and from which both parties have appealed. It is unnecessary to make a detailed recitation of the court's findings inasmuch as we have carefully reviewed the record and are of the opinion that both the findings and judgment are fully sustained by the evidence. In an equity case this court will weigh the evidence, but will not reverse the findings of the trial court unless the judgment is against the clear weight of the evidence. Hudson v. Reeves, 194 Okla. 178, 147 P. 2d 986; Dungey v. Dowdy, 195 Okla. 361, 159 P. 2d 231.

Defendant's principal contention is that the trial court erred in canceling the deeds, the judgment not being sustained by the evidence and contrary to law. It is defendant's theory that the parties made an agreement in 1933 whereby defendant was to receive a half interest in the property in return for his services in managing her property and, being entitled to deeds to the property, fraud was immaterial and plaintiff could suffer no injury regardless of the representations made to procure them, since fraud without damage is not remedial.

This argument is without substantial merit. Plaintiff relied upon fraud in procurement of the deeds and lack of consideration. By his answer defendant put these matters in issue and asserted the deeds were executed in compliance with the alleged agreement. The trial court expressly found no such agreement ever existed, and that the deeds were executed because of defendant's influence and the confidential position he occupied, and upon his promise they were not to be placed of record. We are not impressed with the argument that the circumstances surrounding execution of the deeds is consistent with the alleged agreement of 1933, or with defendant's

fairness and honesty of purpose. The record amply supports the trial court's judgment to the contrary.

The trial court rendered judgment canceling the deeds from plaintiff to defendant, quieting her title, and restraining defendant from asserting any title or interest in such property. Thereafter the court decreed that each party had an undivided one-half interest in two tracts of land purchased during their association. On one tract of 130 acres (Hester land) the court determined that the evidence failed to satisfactorily establish that the land was paid for out of plaintiff's separate funds. On another 140-acre tract (Walsh land) originally purchased by defendant and plaintiff's nephew and for which plaintiff signed a note which she eventually had to pay, the court debited defendant for one-half the amount paid out upon the note. Defendant was further allowed certain rents accruing from his holding of the ranch as a landlord (government payments) and then adjudged that upon accounting between the parties, neither party should recover any money judgment.

The trial court found from the evidence that defendant had received and was entitled to be charged with the sum of $8,601.25. The court further found that defendant was entitled to credits totaling $9,343.34, and that defendant's proven credits exceeded the admitted and court determined debits by $742.09. These findings of fact and conclusions of law were adopted by reference into the journal entry of judgment.

Thereafter the trial court in the journal entry stated:

"It is further order, adjudged and decreed by the court, that on accounting between the parties herein that the plaintiff shall recover no money judgment against said defendant, R. G. Stevens, and that the said R. G. Stevens shall recover no money judgment against the said plaintiff, Rosa Bandy, except costs."

It is apparent that the judgment herein conflicts with and is not supported by the findings in this respect. For this reason the judgment insofar as it fails to comply with the findings of fact in behalf of defendant for the sum found due above the amount charged to him must be reversed, with directions to the trial court to enter judgment for defendant for the amount mentioned.

See Texas Co. v. Brandt, 79 Okla. 97, 191 P. 166; Winters v. Birch, 169 Okla. 237, 36 P. 2d 907.

Further contentions are made based upon assignments of error to the effect that the judgment is not supported and is contrary to the findings of fact, that the trial court erred in the admission of testimony, and that defendant's recovery is too small.

Upon examination of the record (over 1,400 pages) we are unable to see wherein any of the testimony in the record was in any manner prejudicial to defendant's case. As to the amount of recovery it is apparent that the allowance made to defendant for his services, particularly as to certain transactions, may be said to be generous, although not entirely unsupported by some testimony.

Having carefully reviewed this record, we are of the opinion that the judgment of the trial court with the one exception noted, is proper and is not against the clear weight of the evidence.

Affirmed in part and reversed in part, with directions.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and GIBSON, JJ., concur.