Howard **SALZSEIDER**, Edward Salzseider and Nora Salzseider, Plaintiffs and Respondents,

v.

Norman **BRUNSDALE**, as Governor; Ben Meier, as Secretary of State; Berta E. Baker, as State Auditor; Leslie R. Burgum, as Attorney General, and Marvell F. Peterson, as Superintendent of Public Instruction of the State of North Dakota, as members of the "Board of University and *School Lands*" *and their successors in office*; and Anton J. Schmidt, as State Land Commissioner, and his successor in office, Defendants and Appellants.

No. 7728.

Supreme Court of North Dakota.

Jan. 28, 1959.

Leslie R. Burgum, Atty. Gen., and John E. Adams, Asst. Atty. Gen., for appellants and defendants.

Johnson & Milloy, Wahpeton, Strutz, Jansonius & Fleck, Bismarck, for respondents and plaintiffs.

BURKE, Judge.

In this action plaintiffs sought a declaratory judgment decreeing that a mineral reservation, contained in a contract for deed to certain lands in LaMoure County issued by the Board of University and School Lands to the plaintiffs, did not include the gravel that might be found in or on the lands described in the contract. The case was submitted to the trial court upon appropriate pleadings and evidence adduced by the parties. The trial court found in favor of the plaintiffs and a judgment was entered decreeing that the reservation of minerals contained in the contract for deed did not include gravel. The defendants have appealed from the judgment and have demanded a trial anew in this court.

The reservation under consideration was made pursuant to the provisions of Section 38-0901, NDRC 1943, which provides:

"In every transfer of land, whether by deed, contract, lease, or otherwise, by the state of North Dakota, or by any department thereof, fifty percent of all oil, natural gas, or minerals which may be found on or underlying such land shall be reserved to the state of North Dakota."

The mineral reservation in the contract for deed in this case is as follows:

"The grantor, however, reserves to itself fifty (50%) percent of all oil, natural gas, or minerals which may be found on or underlying such land as required by Chapter 149 of the Session Laws of North Dakota for 1939 as amended by Chapter 165 S. L. of North Dakota for 1941 (Sec. 38-0901, Code 1943)."

The appellants urge that the word "minerals" has no clearly defined legal meaning, but that whatever ambiguity it may contain must be resolved in favor of the state in accordance with the provisions of Section 47-0913, NDRC 1943. This section provides:

"A grant shall be interpreted in favor of the grantee, except that a reservation in any grant, and every grant by a public officer or body, as such, to a private party, is to be interpreted in favor of the grantor."

Appellants contend that if we construe the reservation liberally in favor of the state, as required by this statute, we must say that a reservation of "minerals" includes gravel. Since, however, the reservation is expressly stated in the contract to be that required by Section 38-0901, supra, our problem in this case is primarily one of statutory construction. The contract must be construed to reserve no more and no less than the statute requires.

The object of statutory construction is to ascertain and give effect to the intent of the legislature. Marks v. City of Mandan, 70 N.D. 434, 296 N.W. 34; Klingensmith v. Siegal, 57 N.D. 768, 224 N.W. 680; City of Dickinson v. Thress, 69 N.D. 748, 290 N.W. 653. In construing a statute consideration must be given to the ordinary sense of the words used, their context and the purpose sought to be accomplished. Harding v. City of Dickinson, 76 N.D. 71, 33 N.W.2d 626; Ophaug v. Hildre, 77 N.D. 221, 42 N.W.2d 438; Austinson v. Kilpatrick, N.D., 82 N.W.2d 388.

In construing the word "minerals" in the phrase, oil, natural gas or minerals as used in the statute, we cannot do so according to the classifications of animal, vegetable or mineral nor according to the classifications of organic and inorganic substances. To do so would include within the definition of "minerals" a varying but in many cases a very substantial part of the soil itself and exclude from the definition such purely organic substances as oil, gas and coal, which at least in this locality are commonly regarded as "minerals". See Adams County v. Smith and Dakota Collieries Co., 74 N.D. 621, 23 N.W.2d 873, wherein we found that a reservation of oil, natural gas and/or mineral, made by a county pursuant to a statutory requirement, included coal. See

**504**

also MacMaster v. Onstad, N.D., 86 N.W.2d 36.

The question then is: Does the word "minerals", in the context of the statute, in its ordinary or commonly understood meaning, include gravel?

A similar question has been considered by courts many times in construing the word "minerals" as used in a grant or reservation in a deed or lease or in a devise in a will. In most of these cases it has been held that sand and gravel are not within the ordinary and natural meaning of the word "minerals", as used in ordinary trading transactions. In Pennsylvania the term "minerals" has been construed to include metals and ores but not sand valuable only as a material for grading. Hendler v. Lehigh Valley R. Co., 209 Pa. 256, 58 A. 486, 103 Am.St.Rep. 1005. In Illinois it has been held that a grant of "all minerals of every description" underlying the land did not include limestone, sand and gravel which could not be recovered without destroying the surface of the land. Kinder v. La Salle County Carbon Coal Co., 310 Ill. 126, 141 N.E. 537, 540. In Texas it has been held that "minerals" did not include gravel, the court stating: "The term 'legally cognizable as minerals' must therefore be restricted to such minerals and mineral substances as are commonly regarded as minerals as distinguished from the soil in general." Psencik v. Wessels, Tex.Civ.App., 205 S.W.2d 658, 660. See also Heinatz v. Allen, 147 Tex. 512, 217 S.W.2d 994. To the same effect are decisions from Arkansas, Louisiana, Mississippi and Oklahoma. See Carson v. Missouri Pac. R. Co., 212 Ark. 963, 209 S. W.2d 97, 1 A.L.R.2d 784; Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228; Witherspoon v. Campbell, 219 Miss. 640, 69 So.2d 384; Beck v. Harvey, 196 Okl. 270, 164 P.2d 399; State ex rel. Commissioners of Land Office v. Hendrix, 196 Okl. 596, 167 P.2d 43.

We are in accord with the reasoning of these cases and are agreed that a reservation of "minerals" contained in a grant of agricultural lands does not, in the ordinary or commonly understood meaning of the word "minerals" when so used, include gravel. We are also agreed that the word "minerals" as used in the statute was intended by the legislature to have the meaning, which is ordinarily accorded it in the construction of conveyances and wills.

The judgment of the district court is therefore affirmed.

SATHRE, C. J., and MORRIS, J., concur.

TEIGEN, J., did not participate.