**J. T. CRONKHITE, Plaintiff in Error,**

v.

**R. A. FALKENSTEIN, Defendant in Error.**

No. 38683.

Supreme Court of Oklahoma.

May 10, 1960.

E. Blumhagen, Watonga, George H. Bowen, Tulsa, for plaintiff in error.

Fred V. Shirley, Watonga, for defendant in error.

JACKSON, Justice.

This is an appeal by J. T. Cronkhite, plaintiff, from judgment for defendant, R. A. Falkenstein, in an action to construe a mineral deed from defendant to plaintiff, to quiet title to certain minerals, and for an accounting.

Plaintiff sold certain land to defendant in 1943, taking the above-mentioned mineral deed from defendant in lieu of reserving same. It is plaintiff's contention that the said mineral deed should be construed to include gypsum rock, large quantities of which were sold by defendant to various contractors and removed from the land by open-pit mining or quarrying in the year 1957.

The mineral deed, which was prepared by plaintiff's agent on a printed form designated "Mid-Continent Royalty Owners Association Approved Form Revised", conveyed an undivided one-half interest

"in and to all of the oil, gas and other minerals in and under that may be produced from the following described lands, * * *, containing 240 acres, more or less, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas, and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements."

The deed further provided:

"This sale is made subject to any rights now existing to any lessee or assigns under any valid and subsisting oil and gas lease of record heretofore executed; it being understood and agreed that said Grantee shall have, receive, and enjoy the herein granted undivided interest in and to all bonuses, rents, royalties and other benefits which may accrue under the terms of said lease insofar as it covers the above described land from and after the date hereof, precisely as if the Grantee herein had been at the date of the making of said lease the owner of a similar undivided interest in and to the lands described and Grantee one of the lessors therein."

"Grantor agrees to execute such further assurances as may be requisite for the full and complete enjoyment of the rights herein granted and likewise agrees that Grantee herein shall have the right at any time to redeem for said Grantor by payment, any mortgage, taxes, or other liens on the above-described land, upon default in payment by Grantor, and be subrogated to the rights of the holder thereof."

■ We have held that oil and gas leases, and deeds, are to be construed and interpreted as other contracts, and that all rights claimed by the lessee (grantee) which are not conferred in direct terms or by fair implication are to be considered withheld. Hammett Oil Co. v. Gypsy Oil Co., 95 Okl. 235, 218 P. 501, 34 A.L.R. 275; George v. Curtain, 108 Okl. 281, 236 P. 876; Jennings v. Amerada Petroleum Corporation, 179 Okl. 561, 66 P.2d 1069.

■ In construing contracts or conveyances, the primary purpose is to give effect to the mutual intention of the parties, as it existed at the time of contracting. 15 O.S. 1951 § 152.

The precise question, therefore, is whether the language in the mineral deed, "oil, gas and other minerals," was intended to include or exclude gypsum rock.

Plaintiff contends that gypsum is a "mineral". In Heinatz v. Allen, 147 Tex. 512, 514, 217 S.W. 994, it was said that "mineral", as used in a technical sense, as distinguished from use in ordinary trading transactions, is broad enough to embrace metallic minerals, oil, gas, stone, sand, gravel, and even the soil itself. However, the fact that gypsum rock may in a technical sense be a mineral is not the solution to our problem, since our inquiry is, what was intended by the parties?

In 15 O.S.1951 § 160, it is provided:

"The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

We have found nothing in the record tending to show or to indicate that the parties used the words "oil, gas and other minerals" in any sense other than in their ordinary and popular sense.

In Beck, et al. v. Harvey, 196 Okl. 270, 164 P.2d 399, followed in State ex rel. Com'rs of Land Office v. Hendrix, 196 Okl. 596, 167 P.2d 43, we held that sand and gravel, although belonging to the mineral kingdom, were not included in a reservation of "mineral royalty".

We have previously had occasion to construe similar language in oil and gas leases and mineral conveyances. In Wolf v. Blackwell Oil & Gas Co., 77 Okl. 81, 186 P. 484, we held that the words, "all oil or other minerals" did not include gas, applying the well-established rule of "ejusdem generis". At page 484 of the opinion in the Pacific Reporter, we said:

"To hold that the words 'or other minerals,' found in the clause fixing the royalty for oil, includes gas, would be to violate the rule of ejusdem generis. General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular term. The general term 'other minerals,' following the word 'oil,' must be construed to be minerals of like character."

In Vogel v. Cobb, 193 Okl. 64, 141 P.2d 276, 277, 148 A.L.R. 774, we held that although water, in a technical sense, is a mineral, it was not included in a mineral deed conveying "oil, petroleum, gas, coal, asphalt and all other minerals", applying the rule of ejusdem generis. In paragraph seven of the syllabus, we stated the rule, as follows:

"Under the rule of ejusdem generis, where a party or author in a contract or conveyance makes use first of terms each evidently confined and limited to a particular class or species of things, and then, after such specific enumeration, subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet, when thus used, embraces things only ejusdem generis, i. e., of the same kind or species, with those comprehended by the preceding limited and confined terms."

Plaintiff argues that the rule of ejusdem generis is merely a rule of construction, affording an aid to the interpretation of a contract when the intention of the parties is not otherwise apparent, citing the case of Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 804, 127 A.L.R. 1217. In that case it was held that the word "minerals", although followed by the words, "Paint Rock, etc.," plainly and clearly evidenced the intention of the grantor to reserve the oil and gas, and that it was the duty of the court to give the deed that construction without looking to the attending circumstances for explanation.

We agree that the rule of adjusdem generis is not properly applicable where the result would be contrary to the plain and clear intention of the parties. However, after carefully reviewing the extrinsic evidence, including the preliminary negotiations, the relationship of the parties, the purpose of the transaction, and other relevant matters, we are of the opinion that the judgment of the trial court was not clearly against the weight of the evidence. In an equitable action, trial court's findings and judgment will not be disturbed unless clearly against the weight of the evidence. Haskins v. Felder, Okl., 270 P.2d 960; Hudson v. Reaves, 194 Okl. 178, 147 P.2d 986.

We conclude that by the use of the words in the mineral deed, "oil, gas", preceding other minerals, the latter term embraced only minerals of the same generic class as oil and gas, and did not include gypsum rock.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.