MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE,
*v.* FURQUERON.

4-7887 196 S. W. 2d 588

Opinion delivered October 7, 1946.

*Henry Donham* and *Pat Mehaffy,* for appellant.

*George F. Edwardes,* for appellee.

Holt, J. By an act of Congress of the United States, July 28, 1866 (14, Stat. L, p. 338), certain grants of land in Arkansas were made to the St. Louis, Iron Mountain & Southern Railway Co. Later, all rights in this land under the grant were acquired by the Missouri Pacific Railroad Company. The act also contained the following provision: "That all mineral lands within the limits of this grant and the grant made in § 2 of this Act are hereby reserved to the United States," and further provided that the Secretary of the Interior issue patents from time to time "for all lands granted" upon proper showing of completion of parts of the railroad, etc.

On December 12, 1892, the Iron Mountain Railroad Company deeded one of the two tracts of land involved here to the Big Woods Lumber Company, and on March 31, 1894, the Company deeded the other tract to H. C. Lee. Both deeds contained the following reservation: "Also reserving all coal and mineral deposits in and upon said lands, with the right to said party of the first part, its successors and assigns, at any and all times to enter upon said lands, and to mine and remove any and all coal and mineral deposits found thereon, without any claim for damages on behalf of said second party, his heirs or assigns."

Appellees are the present owners of these two tracts of land subject to the above reservation and they brought separate, similar suits (consolidated by the court below for the purpose of trial) to quiet their title by cancelling the reservation, it being their contention that the reservation of "all coal and mineral deposits" did not include oil, gas and distillate, as contended by appellant.

In compliance with the provisions of § 13600 of Pope's Digest, enacted in 1929, the mineral rights in question have been separately assessed for taxation, and taxes thereon paid by the Missouri Pacific Railroad Com-

pany, or its present trustee, since and including the year 1932.

By stipulation of the parties in the trial below: "It is admitted that present title to the land in question is owned by plaintiffs, subject to defendant's reservation set forth in deeds of St. Louis, Iron Mountain & Southern Railway Company aforementioned described as follows: 'Reserving, however, the right of way to the said Railroad Company 100 ft. wide where the track of said Railroad or its branches has been or may be laid over said land, also reserving all coal and mineral deposits in and upon said lands with the right of said party of the first part, its successors and assigns at any time to enter upon said lands and to mine and remove any and all coal and mineral deposit found thereon without any claim for damage on behalf of said second party, his heirs or assigns.' The specific point here at issue is whether the aforesaid reservation includes oil and gas."

From a decree finding the issues in favor of appellees comes this appeal.

On the threshold of this cause, we are confronted with a former opinion of this court (made by six of its members,—one judge not participating) in *Missouri Pacific Rd. Co., Thompson, Trustee,* v. *Strohacker,* 202 Ark. 645, 152 S. W. 2d 557, delivered May 26, 1941, which involved the construction of reservations in two deeds made by the appellants here, predecessors in title, in 1892 and 1893, wherein the identical language "reserving all coal and mineral deposits in and upon said lands, etc.," was used as that used in the two deeds in question here.

Appellees earnestly argue that the opinion in that case controls here, and we agree.

While the record in the present case reflects some additional testimony, in effect, it is substantially the same as that in the Strohacker case, *supra,* to which reference is made for a somewhat detailed statement of the facts. Appellant insists with much earnestness, how-

ever, that we should overrule the Strohacker case as being unsound and not in accord with the weight of authority. We cannot agree.

The question decided in the Strohacker case was the identical question decided in the present case: "Does a reservation of coal and mineral deposits reserve oil, gas and other minerals?" The deeds in the Strohacker case bore approximately the same dates as the two deeds in question here and all these deeds conveyed tracts of land in Miller county, Arkansas. In that case, we held (headnote 5): "By excluding from deeds executed in 1892 and 1893 'all coal and mineral deposits' pertaining to lands in Miller county, Arkansas, accruing to railroad company through government grants, the company no doubt had in mind, as did its grantees, only substances then commonly recognized as minerals; and in view of such intent the language was not sufficient to reserve oil and gas."

Since we hold that the principles of law announced and set forth in the Strohacker case control here, it could serve no useful purpose to detail the evidence or restate the law as set forth in that opinion. Accordingly, the decree is affirmed.

McFADDIN, Justice, dissents.